HON. THOMAS P. GILHOOLEY Corporation Counsel, Cortland
This is in response to your letter of September 2, 1976, wherein you ask for an opinion of the Attorney General whether or not the office of an elected non-physician coroner of the County of Cortland and the position of a paid civil service firefighter employed by the City of Cortland when held by the same person at the same time are compatible.
County Law, § 411, provides, as follows:
 "No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor."
Neither this section nor any other statutory provision would proscribe an elected non-physician coroner of the County of Cortland from simultaneously holding the position of a paid civil service firefighter employed by the City of Cortland. Nor do we find any provision in the Charter of the City of Cortland prohibiting the simultaneous holding by the same person of these two positions. However, County Law, § 673(1), lists the jurisdiction and authority of a coroner to investigate the death of a person dying within the county or where the body is found within the county, which appears to be:
 "(a) A violent death, whether by criminal violence, suicide or casualty;
 "(b) A death caused by unlawful act or criminal neglect;
 "(c) A death occurring in a suspicious, unusual or unexplained manner;
"(d) A death caused by suspected criminal abortion;
 "(e) A death while unattended by a physician, so far as can be discovered, or where no physician able to certify the cause of death as provided in public health law and in form as prescribed by the commissioner of health can be found;
 "(f) A death of a person confined in a public institution other than a hospital, infirmary or nursing home."
County Law, § 674(1), provides, in part:
 "1. When a coroner or medical examiner is informed of the occurrence of a death within his jurisdiction as defined in section six hundred seventy-three, he shall go at once to the place where the body is and take charge of it. If the coroner is not a physician duly licensed to practice medicine in this state, he shall at once notify and designate a coroner's physician to act with him. * * *" (Emphasis supplied.)
A paid civil service firefighter employed by the City of Cortland is governed by various statutes, rules and regulations of the City of Cortland Fire Department and is subject to lawful orders of his superiors. Thus, such firefighter may not leave his firemanic duties except under duly constituted authority. The coroner of the County of Cortland is mandated by law under County Law, § 674(1) to "go at once to where the body is" when informed of certain deaths. Thus, if the same person held the two aforementioned positions at the same time he would often be confronted with the situation where he could fulfill the duties of only one of the positions to the neglect of the other.
Accordingly, we conclude that the office of an elected nonphysician coroner of the County of Cortland and the position of a paid civil service firefighter employed by the City of Cortland are incompatible if held by the same person at the same time.